UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES A. CARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:13-cv-01150-TWP-MJD |
| CSC CREDIT SERVICES, INC., | ) |
| GRAYSTONE MORTGAGE | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO DISQUALIFY**

This matter is before the Court on Defendant CSC Credit Services, INC.'s ("CSC") Motion to Disqualify Plaintiff's Counsel and the Law Firm of Cento Law LLC from representing James A. Card ("Plaintiff"). [Dkt. 15.] The parties have fully briefed the motion, and, for the reasons discussed below, the Court **DENIES** Defendants' Motion to Disqualify.

**I. Background**

G. John Cento is a former defense attorney who previously represented Equifax against lawsuits brought by consumers alleging inaccuracies in their credit reports. Mr. Cento represented Equifax when he worked at the law firms of Kilpatrick Stockton and King Spalding. Mr. Cento's last representation of Equifax was in 2007, when he left King Spalding. In December 2012, Equifax acquired CSC's consumer-reporting assets and Equifax assumed liability for claims predating the acquisition that are brought against CSC by consumers under the Fair Credit Reporting Act ("FCRA"). [Dkt. 16 at 3.] Because of this relationship between Equifax and CSC, Defendants move to disqualify Mr. Cento and Cento Law LLC from representing Plaintiff. [Dkt. 15.]

## II. Legal Standard

Pursuant to Local Rule 83-5(e), both the Indiana Rules of Professional Conduct and the Seventh Circuit Standards of Professional Conduct govern the conduct of those practicing in this Court. S.D.Ind.L.R. 83-5(e). Rule 1.9 of the Indiana Rules of Professional Conduct states:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a **substantially related** matter in which that person's interests are materially adverse to the interests of the **former client** unless the former client gives informed consent, confirmed in writing.

Ind. Rules of Prof. Conduct, Rule 1.9(a) (emphasis added). Matters are considered so substantially related when "they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." *Id.* at cmt. 3.

## III. Discussion

Disqualification of counsel "is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982). The party moving for disqualification has the burden of demonstrating the necessity of the disqualification. *Marwil v. Ent & Imler CPA Grp., PC*, 1:03-CV-00678-DFH-VS, 2004 WL 2750255, at *7 (S.D. Ind. Nov. 24, 2004). In order for a court to grant a motion to disqualify counsel, there must be a prior attorney-client relationship between the party moving for disqualification and the attorney the party is seeking to disqualify. *Lyman v. St. Jude Med. S.C., Inc.*, 423 F. Supp. 2d 902, 907 (E.D. Wis. 2006).

In its briefs, CSC repeatedly asserts that "Equifax has acquired CSC." [Dkt. 26 at 2.] However, such is not the case. Rather in December 2012, five years after Mr. Cento ended his representation of Equifax, Equifax acquired CSC's consumer-reporting assets, and Equifax

assumed liability for claims predating the acquisition that may be brought against CSC by consumers under the FCRA. [Dkt. 16 at 3.] CSC remains a distinct and separate legal entity, and the fact that Equifax agreed to defend and indemnify CSC for claims brought against CSC under the FCRA does not serve to render CSC a former client of Mr. Cento. Accordingly, CSC has failed to demonstrate that CSC is a former client of Mr. Cento.

The claims in this case relate to actions taken by CSC, not those taken by Equifax. Equifax is not a party in this action. Because Mr. Cento was never CSC's counsel and CSC and Equifax remain separate and distinct legal entities, no former client of Mr. Cento is present in this action. There is no need for the Court to determine whether the matter is the same or substantially related, as only a "lawyer who has formerly represented a client in a matter" can be so disqualified. Ind. Rules of Prof. Conduct, Rule 1.9(a). Without a former client present in this lawsuit, there can be no conflict of interest under Indiana Rules of Professional Conduct. Therefore, there is no conflict of interest requiring Mr. Cento's disqualification based on his prior representation of Equifax.

## IV. Conclusion

For the reasons set forth above, Defendant CSC's Motion to Disqualify is **DENIED**. [Dkt. 15.] Therefore, Plaintiff's request for an evidentiary hearing on the matter [Dkt. 23] and Defendants' motion to stay discovery pending the resolution of the motion to disqualify [Dkt. 34] are **DENIED** as moot.

Date: 02/13/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

G. John Cento
CENTO LAW LLC
cento@centolaw.com

John K. Nieset
CHRISTOVICH & KEARNEY LLP
jknieset@christovich.com

Kevin R. Tully
CHRISTOVICH & KEARNEY LLP
krtully@christovich.com

Barry Goheen
KING & SPALDING
bgoheen@kslaw.com

John Anthony Love
KING & SPALDING LLP
tlove@kslaw.com